**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- X
:
**IN RE: METHYL TERTIARY BUTYL** :
**ETHER ("MTBE") PRODUCTS** :
**LIABILITY LITIGATION** :
------------------------------------------------------- :
:
**This document relates to:** :
:
*Commonwealth of Puerto Rico, et al. v.* :
*Shell Oil Co., et al.*, 07 Civ. 10470, and :
:
*Commonwealth of Puerto Rico, et al. v.* :
*Shell Oil Co., et al.*, 14 Civ. 01014 :
:
------------------------------------------------------- X

**MEMORANDUM OPINION**
**AND ORDER**

**Master File No. 1:00-1898**
**MDL 1358 (SAS)**
**M21-88**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/31/15

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.   INTRODUCTION

This is a consolidated multi-district litigation ("MDL") relating to

contamination—actual or threatened—of groundwater from various defendants'

use of the gasoline additive methyl tertiary butyl ether ("MTBE") and/or tertiary

butyl alcohol, a product formed by the breakdown of MTBE in water. In these

cases, the Commonwealth of Puerto Rico ("the Commonwealth") alleges that

defendants' use and handling of MTBE has contaminated, or threatened to

contaminate groundwater within its jurisdiction. Familiarity with the underlying

facts is presumed for the purposes of this Order.

Defendant Tauber Oil Company was dismissed for lack of personal jurisdiction in both the Puerto Rico I and Puerto Rico II cases on May 5, 2014.[1] Tauber now requests, without opposition, that this Court enter final judgment under Federal Rule of Civil Procedure 54(b). For the reasons stated below, that request is GRANTED.

## II.  APPLICABLE LAW

In order to reach the conclusion that a final judgment under Rule 54(b) is appropriate, a court must determine that three requirements are satisfied: "(1) there are multiple claims or parties; (2) at least one claim or the rights and liabilities of at least one party has been finally determined; and (3) the court makes an 'express [ ] determin[ation] that there is no just reason for delay.'"[2]

As to the third determination, "[i]t is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal."[3] In so deciding, the Court "must take into account judicial administrative interests as well as the equities

---

[1]    *See In re MTBE Prods. Liab. Litig.*, No. 07 Civ. 10470, 2014 WL 1778984 (S.D.N.Y. May 5, 2014).

[2]    *Acumen Re Mgmt. Corp. v. General Sec. Nat. Ins. Co.*, 769 F.3d 135, 140 (2d Cir. 2014) (quoting Fed. R. Civ. P. 54(b)) (alterations in original).

[3]    *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956)).

2

involved.  Consideration of the former is necessary to assure that application of the

Rule effectively 'preserves the historic federal policy against piecemeal appeals.'"[4]

## III.  DISCUSSION

There can be no dispute that the first two factors are met.  There are

multiple defendants still involved in both cases and dismissal for lack of personal

jurisdiction finally determined all of Tauber's rights and liabilities.

Lastly, there is no just reason for delay.  The issue of personal

jurisdiction implicates only Tauber, and piecemeal appeals do not greatly implicate

judicial efficiency where there are no issues overlapping with the remaining

defendants.[5]  Because trial proceedings have not yet begun in either action,

allowing for an appeal now will avoid the high cost of a duplicative trial should

Tauber be reinstated after a final judgment is entered as to all remaining

defendants.[6]

## IV.  CONCLUSION

For the aforementioned reasons, the request for a 54(b) final judgment

---

[4]     *Id.* (quoting *Sears, Roebuck & Co.*, 351 U.S. at 438).

[5]     *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 17 (2d Cir. 1997).

[6]     *See In re MTBE Prods. Liab. Litig.*, No. 04 Civ. 4968, 2015 WL 7758530, at *2-4 (S.D.N.Y. Dec. 1, 2015) (discussing the costs and complexity of conducting a trial on MTBE contamination).

is GRANTED.  The Clerk of Court is directed to enter final judgment for Tauber

Oil Company and close these motions (07 Civ. 10470, Dkt. No. 652; 14 Civ.

01014, Dkt. No. 176).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:       New York, New York
             December 31, 2015

4

## - Appearances -

**Liaison Counsel for Plaintiffs:**

Robin Greenwald, Esq.
Robert Gordon, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, NY 10038
(212) 558-5500

**Counsel for the Commonwealth:**

Michael Axline, Esq.
Miller, Axline, & Sawyer
1050 Fulton Avenue, Suite 10
Sacramento, CA 95825
(916) 488-6688

**Liaison Counsel for Defendants:**

Peter John Sacripanti, Esq.
James A. Pardo, Esq.
McDermott Will & Emery LLP
50 Rockefeller Plaza, 11th Floor
New York, NY 10020
(212) 547-5583

**Counsel for Tauber Oil Company:**

Michael A. Walsh, Esq.
Strasburger & Price, LLP
901 Main Street, Suite 4300
Dallas, TX 75202
(214) 651-4459